**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**


LENNY SPANO,

       Plaintiff,

v.                                  Case No. 5:19-cv-82-Oc-JRK

ANDREW M. SAUL,[1]
Commissioner of Social Security,

       Defendant.

---

## OPINION AND ORDER[2]

### I. Status

Lenny Spano ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of a "broken left foot," "p[ost ]t[raumatic ]s[tress ]d[isorder]," "herniated disc in upper back," "degenerative lower back," "anxiety," and "depression." Transcript of Administrative Proceedings (Doc. No. 10; "Tr." or "administrative transcript"), filed April 22, 2019, at 101, 119, 139, 158. Plaintiff filed the application for DIB on May 10, 2017,[3]

---

[1]      Andrew M. Saul became the Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Andrew M. Saul should be substituted for Nancy A. Berryhill as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]      The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 9), filed April 22, 2019; Reference Order (Doc. No. 11), entered April 22, 2019.

[3]      Although actually completed on May 10, 2017, the date of the DIB application is August 8, 2017. See Tr. at 265. Also, the protective filing date of the applications is listed elsewhere in the administrative transcript as May 9, 2017. See, e.g., Tr. at 101, 119, 139, 158.

alleging a disability onset date of January 28, 2017. Tr. at 265-66 (DIB). The SSI

application was filed on June 6, 2017 and alleged the same onset disability date. See Tr.

at 10.[4]  The applications were denied initially, Tr. at 98, 118-35, 184, 185-87 (DIB), 99,

100-17, 188, 189-91 (SSI), and upon reconsideration, Tr. at 136, 138-56, 193, 194-99

(DIB), 137, 157-75, 200, 201-06 (SSI).

On June 21, 2018, an Administrative Law Judge ("ALJ") held a hearing, during

which he heard testimony from Plaintiff, who was represented by counsel, and a vocational

expert ("VE"). Tr. at 59-97.  The ALJ issued a Decision on September 27, 2018, finding

Plaintiff not disabled through the date of the Decision. Tr. at 10-23.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council. Tr. at

365-68 (brief in support); see Tr. at 4-5 (appeals council exhibit list and order).  On

December 21, 2018, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3,

thereby making the ALJ's Decision the final decision of the Commissioner. On February

20, 2019, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by

timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final

decision.

On appeal, Plaintiff raises two issues, only the first of which will be addressed:

whether the ALJ erred at step five of the sequential inquiry by failing to resolve an apparent

conflict between the testimony of the vocational expert ("VE") and the Dictionary of

---

[4]     The undersigned did not locate the SSI application in the administrative transcript; this citation is to the ALJ's Decision that states when the SSI application was filed and the alleged disability onset date.

Occupational Titles ("DOT").[5]   Plaintiff's Memorandum of Law (Doc. No. 14; "Pl.'s Mem."), filed June 21, 2019, at 11-17.   On August 15, 2019, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 15; "Def.'s Mem.") addressing the issue. After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned determines that the Commissioner's final decision is due to be reversed and remanded for further administrative proceedings.

## II. The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the

---

[5]   The second issue is about the opinion of a treating physician.   In arguing this issue, Plaintiff assumes that the treating physician rule adopted by the United States Court of Appeals for the Eleventh Circuit applies.   But, on January 18, 2017, the SSA revised the rules regarding the evaluation of medical evidence and symptoms for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 5844, 2017 WL 168819 (January 18, 2017). Because Plaintiff's claims were filed after March 27, 2017, the new rules apply to his case.   Defendant urges the Court to give Chevron deference to the new rules and apply them, rather than the Eleventh Circuit's treating physician rule.   See Chevron U.S.A., Inc. v. Nat. Res. Def. Council, 467 U.S. 837, 842-44 (1984) (establishing two-step process for analyzing agency's regulatory construction of statute it administers). Because the Court has determined that reversal and remand is required on the other issue raised by Plaintiff in this appeal, the Court need not determine—especially without the benefit of argument on this point by Plaintiff—whether Chevron deference is indeed appropriate and whether the Administration complied with its new rules.   See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

[6]   "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 12-23.   At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since January 28, 2017, the alleged onset date."   Tr. at 12 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: arthritis; degenerative dis[c] disease; obesity; post-traumatic stress disorder; depression; anxiety; status post foot surgery; obstructive sleep apnea; hernias; and status post hernia repair." Tr. at 12 (emphasis and citation omitted).   At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 13 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform sedentary work as defined in 20 CFR [§§] 404.1567(a) and 416.967(a). Specifically, [Plaintiff] can lift and/or carry 10 pounds occasionally and less than 10 pounds frequently; sit 6 hours in an 8-hour workday; stand and/or walk 6 hours in an 8-hour workday; push and/or pull as much as can be lifted or carried; and operate foot controls with the right and left feet occasionally.   [Plaintiff] can frequently reach in all directions, including overhead, with the bilateral upper extremities; can climb ramps and stairs occasionally but can never climb ladders, ropes, or scaffolds.   He can occasionally balance, stoop, kneel, crouch, and crawl.   [Plaintiff] can occasionally work at unprotected heights, around moving mechanical parts, and in extreme cold, but m[u]st avoid

vibration.  [Plaintiff] can work in moderate noise.  [Plaintiff] can perform simple and routine tasks, but not at a production rate pace (e.g. assembly line work); can make simple work-related decisions; and can frequently respond appropriately to supervisors, coworkers, and the public.

Tr. at 15 (emphasis omitted).   At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as a "Barista" and a "Heavy equipment operator."   Tr. at 21 (some emphasis and citation omitted).   At step five, after considering Plaintiff's age ("37 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the testimony of the VE and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 22 (emphasis and citation omitted), such as "Monitor," "Document preparer," and "Addresser," Tr. at 23.   The ALJ concluded that Plaintiff was not "under a disability . . . from January 28, 2017, through the date of th[e D]ecision."   Tr. at 23 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).   Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v.

Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff contends the ALJ erred in failing to identify and resolve an apparent conflict between the VE's testimony and the DOT. Pl.'s Mem. at 11-17. According to Plaintiff, the limitation to "simple, routine tasks" and "simple work-related decisions" in the RFC and hypothetical to the VE, Tr. at 15, 92, is apparently in conflict with the jobs identified by the VE, each of which requires a reasoning level of 2 or 3 according to the DOT, see Pl.'s Mem. at 11. Responding, Defendant argues there is no apparent conflict between the RFC/hypothetical to the VE and the job with a reasoning level of 2. Def.'s Mem. at 14-19.

As noted previously, the jobs identified by the VE during the hearing and adopted by the ALJ at step five were Monitor (DOT #379.367-010), Document Preparer (DOT #249.587-018), and Addresser (DOT #209.587-010). See Tr. at 23, 92-93. According to the DOT, the jobs of Monitor and Document Preparer carry reasoning levels of 3, requiring someone to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." The job of Addresser carries a reasoning level of 2, requiring someone to "[a]pply commonsense understanding to carry

out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations."  At the hearing, the VE addressed a conflict between the DOT and his testimony related to foot controls (not at issue here), see Tr. at 92-93, but the VE did not otherwise identify or address conflicts.  Nor did the ALJ inquire about or address in the Decision any apparent conflicts, instead finding that "[p]ursuant to SSR 00-4p, . . . the [VE]'s testimony is consistent with the information contained in the DOT."  Tr. at 23.

At step five in the sequential inquiry, "the ALJ must determine if there is other work available in significant numbers in the national economy that the claimant has the ability to perform."  Phillips, 357 F.3d at 1239.  To make this determination, the ALJ may pose a hypothetical question to a VE. See Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) (citing Wolfe v. Chater, 86 F.3d 1072, 1077-78 (11th Cir. 1996)); see also Zimmer v. Comm'r of Soc. Sec., 211 F. App'x 819, 820 (11th Cir. 2006) (citing Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir.1999) ("An ALJ relies on the testimony of a [VE] to determine what level of skill the claimant achieved in his [or her] past work, whether the claimant has transferable skills, and whether the claimant can perform other jobs.")).  "In order for a [VE]'s testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."  Wilson, 284 F.3d at 1227 (citing Jones, 190 F.3d at 1229).  If there are "apparent conflicts" between a VE's testimony and the DOT, the ALJ must identify them, "ask the VE about them, and explain how the conflict was resolved in the ALJ's . . . decision."  Washington v. Comm'r of Soc. Sec., 906 F.3d 1353, 1365 (11th Cir. 2018); see SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000).  The ALJ must do this even if the VE asserts that no conflict exists: the ALJ's "duty

is not fulfilled simply by taking the VE at his word that his testimony comports with the DOT when the record reveals an apparent conflict between the VE's testimony and the DOT." Washington, 906 F.3d at 1362. "The failure to properly discharge this duty means the ALJ's decision is not supported by substantial evidence." Id.

Post-Washington, the Eleventh Circuit held in an unpublished decision that "there is at least 'apparently' a conflict between an employee limited to 'simple, routine tasks' and one able to 'deal with problems involving several concrete variables.'" Johnson v. Comm'r of Soc. Sec., 782 F. App'x 875, 878 (11th Cir. 2019) (per curiam) (reversing and remanding for the ALJ to satisfy the "affirmative obligation to investigate and resolve this apparent conflict") (internal quotations omitted). Also, most district courts within the Eleventh Circuit to consider similar issues as the one presented here "found an apparent conflict when an ALJ's hypothetical question posed to the VE limits a claimant to simple work and the VE then identifies representative jobs for the claimant that have reasoning levels of two or three."[7] Peters v. Saul, 8:18-cv-2466-T-CPT, 2020 WL 814004, at *2, 4 (M.D. Fla. Feb. 19, 2020) (reversing and remanding when the ALJ found the claimant "capable of performing only 'simple, routine tasks'" but the DOT descriptions carried reasoning levels

---

[7]     All of the district court cases from within the Eleventh Circuit cited by Defendant pre-date Washington. See Def.'s Mem. at 17-18. And, the unpublished Eleventh Circuit case upon which Defendant relies, see id. at 16 (citing Hurtado v. Comm'r of Soc. Sec., 425 F. App'x 793, 795 (11th Cir. 2011)), is not binding and not persuasive given Washington's dictates and the relatively wide criticism of Hurtado in light of Washington. Finally, the out-of-circuit cases upon which Defendant relies, see Def.'s Mem. at 17 (citing cases) are not persuasive either in light of Washington and the general approach by courts within the Eleventh Circuit applying Washington.

of three) (collecting cases[8]).   Being persuaded by these decisions, the undersigned finds

that the ALJ failed to resolve an apparent conflict between the VE's testimony and the

DOT.   Because the ALJ relied on the VE's testimony at step five after failing to resolve

this apparent conflict, the Decision is not supported by substantial evidence and remand

is required.   See, e.g., Washington, 906 F.3d at 1362.

## V. Conclusion

Based on the foregoing, it is

**ORDERED**:

1.      The Clerk of Court is directed to enter judgment pursuant to sentence four of

42 U.S.C. § 405(g), and pursuant to § 1383(c)(3), **REVERSING** the Commissioner's final

decision and **REMANDING** this matter with the following instructions:

> (A)     Ask the VE about the apparent conflict between the VE's testimony
>
> and the DOT, and in the Decision resolve the apparent conflict; and
>
> (B)     Take such other action as may be necessary to resolve this matter
>
> properly.

---

[8]      Some of these cases address an ability to carry out simple "instructions" rather than an ability to perform simple "tasks."   At least one found distinguishable older cases involving simple "tasks." See, e.g., Howard v. Comm'r of Soc. Sec., 8:18-cv-2004-T-PDB, 2019 WL 4738137, at *2, 2 n.2 (M.D. Fla. Sept. 27, 2019).   But, district courts within the Eleventh Circuit post-Washington that have addressed simple "tasks" vs. reasoning levels of 2 or 3 assigned by the DOT have largely arrived at the same conclusion: there is an apparent conflict requiring resolution by the ALJ.   See, e.g., Peters, 2020 WL 814004, at *4; Dukes v. Saul, No. 8:18-cv-2553-T-SPF, 2020 WL 755393, at *4 (M.D. Fla. Feb. 14, 2020); Gater v. Saul, No. 8:19-cv-239-T-SPF, 2020 WL 597638, at *3 (M.D. Fla. Feb. 7, 2020); Atkins v. Comm'r of Soc. Sec., No. 3:19-cv-142-J-MAP, 2019 WL 6838512, at *7-8 (M.D. Fla. Dec. 16, 2019); Liao v. Berryhill, No. 17-24629-Civ-COOKE/GOODMAN, 2019 WL 2254961, at *1-2 (S.D. Fla. Feb. 28, 2019); Borroto v. Comm'r of Soc. Sec., No. 2:17-cv-673-FtM-99CM, 2019 WL 488327, at *9-10 (M.D. Fla. Jan. 8, 2019) (report and recommendation), adopted, 2019 WL 290599, at *1 (M.D. Fla. Jan. 23, 2019); but see Pierce v. Comm'r of Soc. Sec., No. 8:18-cv-3114-T-JSS, 2020 WL 995850, at *5 (M.D. Fla. Mar. 2, 2020) (relying on pre-Washington cases from within the Eleventh Circuit concluding that "the requirement of Reasoning Level 2 or 3 is not inconsistent with the ability to perform only simple tasks, as long as those jobs have a specific vocational preparation (SVP) time of 2") (quotations and citations omitted).

2.    The Clerk is further directed to close the file.

3.    In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) fee application be filed within the parameters set forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**DONE AND ORDERED** in Jacksonville, Florida on March 26, 2020.

James R. Klindt

JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record